

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  (302) 573-6277
*1007 N. Orange Street, Suite 700*  FAX (302) 573-6220
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

June 23, 2006

The Honorable Sue L. Robinson
Chief U.S. District Judge
U.S. District Court
844 King Street
Wilmington, DE 19801

      Re:    **United States v. Tanya Bowie**
            **Criminal Action No. 06-20-SLR**

Dear Chief Judge Robinson:

     J. Scott O'Keefe, counsel for the defendant, has informed me that the defendant accepts the Government's plea offer. Therefore, the parties respectfully request that the Court schedule a change of plea hearing. A copy of the proposed Memorandum of Plea Agreement is attached.

                    Respectfully submitted,

                    COLM F. CONNOLLY
                    United States Attorney

          BY:       /s/
                    Beth Moskow-Schnoll
                    Assistant United States Attorney

cc: J. Scott O'Keefe, Esq.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 06-20-SLR |
| TANYA BOWIE, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Tanya Bowie, by and through her attorney, J. Scott O'Keefe, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Tanya Bowie, agrees to plead guilty to Counts One and Nine of the Indictment. Each count charges the defendant with passing counterfeited securities in violation of Title 18, United States Code, Section 513(a) and carries a maximum penalty of 10 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to each count of the Indictment: (a) that the defendant uttered a counterfeited security of an organization, here a bank or federal credit union that operates in interstate commerce; (b) with the intent to defraud, that is, intending to cheat

someone.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) from in or around February 2002, through in or around July 2005, using the names Mary Fletcher, Wykeena Burns, and/or Sadae Smith, the defendant knowingly and voluntarily used counterfeited checks to purchase items from retailers in Delaware, New Jersey, Pennsylvania, Maryland, and Virginia; (b) several days after purchasing the items, the defendant and/or a person known to the defendant would return the items that had been purchased with the counterfeited checks in order to receive cash back from the retailer; and (c) the face value of the checks negotiated by the defendant was $82,905.68.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree that U.S.S.G. § 2B1.1 is applicable to the offense to which the defendant is pleading guilty and further agree and stipulate that the value of the counterfeited checks, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was $82,905.68. The defendant further understands that the Government likely will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5. The defendant agrees to pay the $100 special assessment at the time of sentencing. Should she fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on

2

the defendant's behalf to the payment of the outstanding debt ordered.

6.     Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not to contest a reduction under USSG §3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7.     At the time of sentencing, the government agrees to move to dismiss Counts Two through Eight of the Indictment that was returned against the defendant on February 28, 2006.

8.     The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits she expects from any such stipulation or recommendation, the defendant may not withdraw her guilty plea.

/     /     /

9.  It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____   BY:_____
Tanya Bowie                            Beth Moskow-Schnoll
Defendant                              Assistant United States Attorney


_____
J. Scott O'Keefe
Attorney for Defendant


Dated:


   **AND NOW,** this \_\_\_ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.


                                       _____
                                       HONORABLE SUE L. ROBINSON
                                       Chief United States District Court Judge